STOCK *v.* TOWNSHIP OF JEFFERSON.

1. CONTEMPTS—ACTS OF STRANGERS.
     Acts done by strangers, without the privity or consent of a party, do not make him guilty of contempt.

2. SAME—INJUNCTION—DIVERTING WATER.
     In this case, a decree enjoining defendant from diverting water from a lake, and requiring him to fill up a ditch, is examined, and it is *held* that it should not be so construed as to render him liable for contempt because strangers, without his knowledge, tore away dams he had built to fill up the ditch.

Appeal from Jackson; Peck, J. Submitted December 5, 1902. (Docket No. 25.) Decided December 29, 1902.

Contempt proceedings by Frederick W. Stock against the township of Jefferson and George E. Porter. From a judgment against defendant Porter, he appeals. Reversed.

*Frankhauser & Cornell*, for petitioner.

*F. H. Stone* and *F. A. Lyon*, for appellant.

MONTGOMERY, J. The original bill in this case was filed for the purpose of obtaining a decree enjoining the defendants from diverting water from Lake Pleasant through an artificial ditch or canal. Complainant's rights were declared in the decree, and the defendants were enjoined as prayed. This decree was, on appeal, affirmed by this court. 114 Mich. 357 (72 N. W. 132). The present proceeding was instituted by petition in the same case in the circuit court, in chancery, alleging that de-

fendants are guilty of contempt in failing to observe the injunction. On the hearing below, it was conceded that no punishment could be administered to the defendant township, but the circuit judge found the defendant Porter guilty of contempt, and imposed upon him a fine of $50. From this order the defendant Porter has appealed.

The case was determined below on the decree, and proofs offered bearing upon the question of its performance. The decree contained the following provisions:

"It is therefore ordered, adjudged, decreed, and commanded that said defendant George E. Porter and the said defendant the township of Jefferson, by its officers and agents, be, and they are hereby, perpetually enjoined and restrained from further diverting said water as aforesaid through said big ditch or canal, or any ditch now dug or to be dug, away from the natural course said waters take, as charged in said bill of complaint, and the course heretofore found by this court to be the natural course of said waters, and that they be perpetually enjoined from any and all attempts and schemes to divert said water from discharging itself by way of the St. Joseph river to Lake Michigan, and from meddling with the headwaters of said river so as to obstruct or divert the same from its natural outlet.

"It is further ordered, adjudged, and decreed and commanded that said defendant George E. Porter, personally, and the township of Jefferson, by its officers and agents, fill up said big ditch, or cause the same to be done, on or before the 1st day of November, 1896, at the following points and to the following depths, viz.: That the big ditch be filled up with earth or other substance where it crosses the highway running nearly northerly and southerly just east of said Court Walters', in said township, so it shall completely stop the flow of water through the same, occasioned by the defendants deepening and widening the said ditch in the years 1893 and 1894, and that the same be filled up at said last-mentioned point from the bottom of said ditch until the top of said filling shall be on a level with the top of a filling in said ditch five feet high from the bottom, in case the same were so filled at the highest point in said ditch between said highway and where it strikes the marsh west of said highway; in other

words, that the top of said filling shall be as high as the filling would be if said ditch were filled five feet high from the bottom thereof at the highest point between the said highway and the marsh west thereof.

"And it is further ordered, adjudged, decreed, and commanded that said ditch be filled up so as to stop all flow of water occasioned by the deepening and widening of the same by said defendants in the years 1893 and 1894 at the point known as the junction where the waters leave the old channel between McCollum Lake and Pleasant Lake and flow towards the northeast; the same to be filled up until the top of said filling at said last-mentioned point shall be ten inches above the bottom of said old channel, running from said Lake Pleasant to said Lake McCollum, from which channel said waters were diverted. In short, it is ordered that at each of said fillings, hereinbefore mentioned, said ditch shall be filled up so as to place the respective parties *in statu quo.*"

The circuit judge filed a special finding of facts, the salient features of which may be concisely stated as follows: The defendant Porter did in fact fill up the ditch in the two places directed specifically by the decree. These dams, as constructed by the defendant, stopped the flow of water through the canal, and the diversion of water thereupon ceased, and such dams, had they been left undisturbed, would have accomplished all the purposes of the decree; but, shortly after the dams were constructed, they were removed by some person or persons unknown. The circuit judge was unable to find from the testimony that either of the defendants had anything to do with the tearing out of the dams, or that either was directly or indirectly connected therewith, or had any knowledge when they were constructed that they would be torn out by others. The view upon which the circuit judge proceeded was that notwithstanding the defendant had complied with the specific directions for interrupting the flow of water, and notwithstanding the means adopted were adequate to the purpose, yet the decree enjoined upon the defendant a continuing duty to see to it that the waters should not be diverted at any time in the future, and that,

as a corollary, those who trespassed by removing the dams offended against the *defendant*, and interfered with *him* in the performance of his duty, but did not excuse his full performance.

We cannot assent to those conclusions. In its legal aspect, the case is not different than it would have been had the interference from outside sources occurred many years after the steps which the decree contemplated had been taken. If it is correct to say that the obligation of defendants was continuous, and was to *prevent* the diversion of water from this lake for all time, rather than to *refrain* from themselves diverting it, it would follow that, while entirely innocent of any purpose to evade the decree of the court, the defendants might, at any time in the day or night, be placed in contempt by the tortious act of a stranger. The decree should not be so construed. The case is no exception to the rule that a defendant is not punishable for acts done by strangers without his privity or consent. See 2 High, Inj. §§ 1440, 1443.

The order will be reversed, with costs of this court to defendant. No costs will be awarded against complainant for the proceedings below.

The other Justices concurred.